```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Joseph Leon Plummer, #69035-080, ) | C/A No. 6:10-1224-MBS-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Warden Debbo, FCI Beckley, and/or Individual ) | |
| Capacity; Debbie Stevens, Supervisory Attorney, ) | |
| and/or Individual Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Joseph Leon Plummer ("Plaintiff"), proceeding *pro se*, files this civil rights action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff is an inmate at Federal Correctional Institution ("FCI") Williamsburg, in South Carolina, a facility of the Federal Bureau of Prisons ("BOP"). The complaint names as defendants two BOP employees.[2] Plaintiff claims that BOP officers, not named as defendants, lost his personal property during his transfer from FCI Gilmore in West Virginia. The complaint states that the defendants, the warden and a BOP attorney, agreed to settle his property claim, but then subsequently denied his claim. Plaintiff seeks actual and punitive monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files his complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of the plaintiff's constitutionally protected rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983, which permits suit against a person acting under color of state law for deprivation of a federal right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

Plaintiff files this *Bivens* action based on the loss of his "specialized dentures" during his transfer from FCI Gilmore, a BOP facility in West Virginia, to FCI Williamsburg, a BOP facility in South Carolina. The plaintiff filed an administrative tort claim under 28 U.S.C. § 1346(b), the Federal Tort Claims Act ("FTCA"), which Defendant Stevens denied pursuant to *Ali v Fed. Bureau of Prisons*, 552 U.S. 214 (2008) (BOP officers not liable for lost personal property of inmate under FTCA). However, the claim was "accepted and considered for administrative settlement" under 31 U.S.C. § 3723 (small claims for privately

3

owned property damage or loss against the US government). Docket Entry 1-4. The statutory limit for settlement under § 3723 is $1000.00, but the plaintiff claims his offer to settle for $1500.00 was approved by Defendant Debbo. When the plaintiff objected to the settlement money being sent to pay a court fine that was not yet due, rather than sent to his inmate account, Defendant Stevens rejected the $1500.00 settlement and his claim was denied.

The Fifth Amendment prohibits depriving "any person of ... property, without due process of law." *U.S. Const. Amend. V*. Due process rights, however, are not implicated by a negligent act of a government official causing unintended loss of property. *See Daniels v. Williams*, 474 U.S. 327 (1986)(due process clause not applicable in claim based on state official's negligent act causing unintended loss). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action for deprivation of due process under *Bivens*. Further, whether the deprivation of property was the result of intentional or negligent conduct, a plaintiff may not obtain relief if the plaintiff has an adequate post-deprivation remedy available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(unauthorized intentional deprivation of property by a state officer does not violate the due process clause if a meaningful post-deprivation remedy for the loss is available). Plaintiff has a post-deprivation remedy in the BOP Administrative Remedies Program. *See* 28 C.F.R. §§ 542.10-.19.[3]

---

[3] Plaintiff could also have a post-deprivation remedy through the small claims settlement permitted through § 31 U.S.C. § 3723(a)(1), *Ali v. Fed. Bureau of Prisons*, 552 U.S. at 228 n.7; however, Plaintiff's claim exceeded the statutory limit of $1000.00.

In fact, Plaintiff must utilize the BOP Administrative Remedies Program prior to filing suit in federal court under *Bivens*. 42 U.S.C. § 1997e(a) (prisoner must exhaust all available administrative remedies before filing suit in federal court); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to his confinement. *See* 28 C.F.R. §§ 542.10- 542.16. After informal attempts to resolve the matter with staff have failed, the plaintiff must present his claims to the Warden of the Federal Correctional Institution in which he is incarcerated (Form BP-9). 28 C.F.R. § 542.13(b). If not satisfied with the Warden's decision, the plaintiff must appeal that determination to the Regional Director of the Federal Bureau of Prisons (Form BP-10), and, if not satisfied with the Regional Director's decision, to the Office of General Counsel (Form BP-11). 28 C.F.R. § 542.15. In the complaint, Plaintiff states he filed an administrative tort claim under the FTCA, apparently instead of following the BOP's Administrative Remedies Program. Thus, he has not exhausted administrative remedies prior to filing this *Bivens* action. Plaintiff's *Bivens* action should be dismissed.

In as much as the complaint could be construed to bring a claim under the FTCA, the complaint does not name the United States as a defendant, the only proper defendant for purposes of an FTCA claim. 28 U.S.C. § 2674. Allowing Plaintiff to amend the complaint to add the United States as a defendant would be futile based on *Ali v Fed. Bureau of Prisons*, 552 U.S. 214 (2008). In *Ali*, the Supreme Court addressed an FTCA claim filed by a federal prisoner who claimed that BOP officers lost his personal property during his transfer to another prison, just as in the case herein. The Court found that

5

federal corrections officers are included in the term "any other law enforcement officer" as used in 28 U.S.C. § 2680(c), an exception to the federal government's waiver of sovereign immunity in the FTCA. *Id*. at 216. The result is preclusion of a FTCA claim based on the loss of a prisoner's property by federal correctional officers. *Id*. at 228. Plaintiff cannot proceed with a FTCA claim regarding the loss of his personal property against federal correctional officers.

### **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                                  s/William M. Catoe
                                                                   United States Magistrate Judge

May 26, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).