IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Leon Plummer, # 69035-080, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Warden Debbo, FCI Beckley, and/or )<br>individual capacity; Debbie Stevens, )<br>Supervisory Attorney, and/or individual )<br>capacity, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 6:10-1224-MBS<br><br>**OPINION AND ORDER** |

Plaintiff Joseph Leon Plummer is an inmate in custody of the Federal Bureau of Prisons (BOP). At the time of the underlying complaint, Plaintiff was incarcerated at FCI-Williamsburg in Salters, South Carolina. He currently is housed at the Federal Correctional Complex in Adelanto, California. On May 13, 2010, Plaintiff filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting that his dentures were lost in transit between FCI-Gilmer in Glenville, West Virginia, and FCI-Williamsburg. Plaintiff asserts that he attempted to utilize available administrative remedies in order to be compensated for the loss of his property. Plaintiff seeks actual and punitive damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. On May 26, 2010, the Magistrate Judge filed a Report and Recommendation in which he noted that, to the extent Plaintiff contends he was denied due process

in violation of his constitutional rights, Plaintiff's complaint should be dismissed because he has adequate post-deprivation remedies available in the BOP Administrative Remedies Program or through the small claims settlement permitted through 31 U.S.C. § 3723(a)(1). See Kendall v. Balcerzak, 2011 WL 1108257 (4th Cir. 2011) (holding that procedural due process violation cannot have occurred when governmental actor provides adequate procedural remedies). The Magistrate Judge further noted that, to the extent that the complaint could be construed as alleging a claim under the Federal Tort Claims Act (FTCA), Plaintiff fails to state a claim because the United States has not waived sovereign immunity, except in circumstances not applicable here, as to claims based upon the loss of property by law enforcement officers. See 28 U.S.C. § 2680(c); Ali v. Fed. Bur. of Prisons, 552 U.S. 214, 227-28 (2008). Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on June 11, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff contends that (1) contrary to the Magistrate Judge's findings, he has pursued his BOP administrative remedies without success, and (2) the Magistrate Judge should have allowed Plaintiff the opportunity to correct deficiencies in his complaint. Plaintiff contends that dismissal of the complaint is tantamount to allowing the BOP to "do anything they want to

Federal Prisoners Property with any reprecussions or reprisals of any form." Objections 2 (ECF No. 14).  The court disagrees.

As Plaintiff acknowledges, he has pursued post-deprivation remedies available in the BOP Administrative Remedies Program.  A review of the attachments to Plaintiff's objections indicates that he has sought replacement dentures.  Plaintiff was placed on the waiting list for dentures on or about October 9, 2009, and will be fitted with replacement dentures in accordance with BOP policy.  Accordingly, Plaintiff's request will be satisfied in due course.  The court cannot say that Plaintiff lacks an adequate post-deprivation remedy.[1]  Plaintiff's objections are without merit.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 23, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[1] Plaintiff also states that he was offered a settlement of $1,500 by the Warden of FCI-Gilmer.  However, he rejected the settlement when he was informed that the monies would be applied toward a fine imposed by the district court with respect to Plaintiff's underlying criminal offense.